IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD BREWER, ) | |
| ) | Case No. 1:17-cv-04503 |
| Plaintiff, ) | |
| ) | Honorable Judge: M. David Weisman |
| v. ) | |
| ) | JURY DEMANDED |
| CITY OF CHICAGO, and CHICAGO POLICE ) | |
| OFFICER SCOTT CARTER, Star # 7429, ) | |
| CHICAGO POLICE OFFICER JASON ) | |
| TOLIVER, Star # 8597, and CHICAGO POLICE ) | |
| OFFICER MUNIZZI, Star #15447 ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Reginald Brewer ("Plaintiff"), for his Complaint against Defendants Chicago Police Officer Scott Carter, Star # 7429, Chicago Police Officer Jason Toliver, Star # 8597, Chicago Police Officer Munizzi, Star # 15447, and the City of Chicago (collectively "Defendants"), alleges as follows:

**NATURE OF THE CASE**

1. This is a civil action under 42 U.S.C. § 1983 seeking damages against Chicago Police Officers Carter and Toliver in their individual and official capacities, and against the City of Chicago for violating Plaintiff's Fourth Amendment rights under the United States Constitution to be free from false arrest and unreasonable search and seizure.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over Plaintiff's causes of action pursuant to 28 U.S.C. §§ 1331 and 1343 given that Plaintiff's claims arise under the United States Constitution and 42 U.S.C. § 1983. This Court has personal jurisdiction over the individual defendants as all actions complained of herein occurred in Chicago, Illinois.

3. Venue is proper in the United States District Court for the Northern District of Illinois because a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

4. At all times complained of herein, Plaintiff Reginald Brewer was a resident of Chicago, Illinois.

5. At all relevant times, Defendant, Chicago Police Officer Scott Carter, Star # 7429, was a duly appointed officer with the Chicago Police Department, and is sued in his individual and official capacities.

6. At all relevant times, Defendant, Chicago Police Officer Jason Toliver, Star # 8597, was a duly appointed officer with the Chicago Police Department, and is sued in his individual and official capacities.

7. At all relevant times, Defendant Chicago Police Officer Munizzi, Star # 15447, was a duly appointed officer with the Chicago Police Department, and is sued in his or her individual and official capacities.

8. Defendant, City of Chicago, is a municipal entity located in Cook County, which employs or employed Defendants Carter and Toliver through the Chicago Police Department.

## GENERAL ALLEGATIONS

9. On the afternoon of June 10, 2015, Plaintiff was working as a security guard at a liquor store located at 851 West 115th Street, Chicago, Illinois.

10. An unidentified individual, whom Plaintiff believed to be homeless, and later identified as Preveyon Farmer, approached the store asking for money. Plaintiff requested that the man leave the premises.

11. Mr. Farmer picked up a wallet off the ground, and Plaintiff asked him whether the wallet actually belonged to him. Mr. Farmer became angry and began to throw bottles at Plaintiff and other individuals—hitting two other men.

12. Plaintiff called the Chicago Police Department to report the incident.

13. When Defendants Carter and Toliver arrived, Plaintiff tried to explain that Mr. Farmer had been throwing bottles and that Plaintiff had asked him to leave. However, instead of investigating these allegations about Mr. Farmer, the Defendants became aggressive with Plaintiff after Mr. Farmer falsely alleged Plaintiff attacked him. They never spoke with other witnesses who saw the events.

14. Instead, Defendants Carter and Toliver detained Plaintiff, placed him in the back of a police car, and demanded his car keys. They then drove Plaintiff around for twenty minutes while they tried to concoct a justification to search his car.

15. Defendants Carter and Toliver then unlawfully searched Plaintiff's car without a warrant, permission, or probable cause. They later justified the search on false grounds—fabricating that Plaintiff had requested that they move his car to the Fifth District Police Station.

16. During the unlawful search of Plaintiff's car, Defendants purportedly discovered marijuana in the car's console. Plaintiff was arrested and transported to the Fifth District Police Station.

17. Plaintiff was jailed and charged with delivery of cannabis on school grounds, battery, and aggravated assault with a deadly weapon, knife or air rifle. The delivery of cannabis charge was later amended to possession of cannabis. Plaintiff's car was also impounded.

PFS:007598.0001.1687413.2

18. Following the preliminary hearing, Defendants waited until Plaintiff's attorney was out of earshot, and then Defendants threatened to search the car Plaintiff had driven to the preliminary hearing in, telling him that they would find a way to get him.

19. On June 30, 2015, the Court dismissed the cannabis charge because Defendants lacked probable cause to search Plaintiff's car. The Court issued a *nolle prosequi* order dismissing the remaining charges.

20. Plaintiff was fired from his job because of the absence caused by his unlawful arrest. It took approximately two years for Plaintiff to have his car returned to him and the approximately $26,400 in impound fees refunded.

21. The same day the charges against Plaintiff were dismissed, Plaintiffs made good on their threat to "get" Plaintiff. That day, Defendant Munizzi falsely arrested Plaintiff on a false sexual assault charge. While at the police station, police officers threatened to charge Plaintiff with rape and intentionally hid their nametags so Plaintiff could not read their names. Plaintiff was jailed for three days, before being released without any charges being filed.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. §1983, Unreasonable Search and Seizure

22. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

23. Defendants Carter and Toliver searched Plaintiffs' car without a warrant, probable cause, or Plaintiff's consent, and later fabricated a false justification for the search. These actions were done knowingly, intentionally, and maliciously.

4

24. The above-described conduct by the individual Defendants was without cause or justification and violated Plaintiff's rights pursuant to the Fourth Amendment of the United States Constitution.

25. As a direct and proximate result of Defendants Carter and Toliver's unlawful search of his car, Plaintiff was fired from his job and has suffered damages, including but not limited to loss of income, time and expense to have his car returned to him and the impound fees refunded, loss of property, various other expenses, and emotional distress and anguish.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against the Defendants, jointly and severally, and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and such further relief as this Court deems just.

## COUNT II
## 42 U.S.C. §1983, False Arrest/Unlawful Detention

26. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

27. In committing the above-described conduct, Defendants Carter, Toliver, and Munizzi acted under color of state law, in their capacity as law enforcement officers, by falsely arresting and jailing Plaintiff without probable cause and later using an illegal search of Plaintiff's car to justify his arrest, as well as falsely arresting Plaintiff on a false sexual assault charge and jailing him for three days without ever bringing charges. In violating Plaintiff's right to be free from false arrest, Defendants Carter, Toliver, and Munizzi violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

28. As a direct and proximate result of Plaintiff's false arrest and unlawful detention, Plaintiff was fired from his job and has suffered damages, including but not limited to loss of

income, time and expense to have his car returned to him and the impound fees refunded, loss of property, various other expenses, and emotional distress and anguish.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against the Defendants, jointly and severally, and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and such further relief as this Court deems just.

## COUNT III
## 42 U.S.C. §1983, *Monell* Claim Against City of Chicago

29. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

30. The constitutional violations detailed above were caused in part by the customs, policies, and/or practices of the Chicago Police Department. Specifically, the Chicago Police Department's failure to adequately train, supervise, and control its police officers, constitutes deliberate indifference, and thereby encourages the misconduct as described above.

31. The Chicago Police Department's policy and practice to inadequately punish and discipline prior instances of similar misconduct, including false arrests and unlawful searches of individuals' property, encourages future abuse by police officers, such as the misconduct described above.

32. The City of Chicago has failed to act to remedy above described abuses, despite actual knowledge of said abuses, thus encouraging the type of misconduct and resulting injuries described above.

33. As a direct and proximate result of the above conduct, Plaintiff was fired from his job and has suffered damages, including but not limited to loss of income, time and expense to have his car returned to him and the impound fees refunded, loss of property, various other expenses, and emotional distress and anguish.

PFS:007598.0001.1687413.2

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against the Defendants, jointly and severally, and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and such further relief as this Court deems just.

Dated: October 16, 2017            Respectfully submitted,

                                                **REGINALD BREWER**,

By:     s/Phillip S. Reed
          Phillip S. Reed
          Alec J. Losh
          Patzik, Frank & Samotny Ltd.
          150 S. Wacker Drive, Suite 1500
          Chicago, IL 60606
          312/551-8300
          312/551-1101 (Fax)
          preed@pfs-law.com
          alosh@pfs-law.com