UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| REGINALD BREWER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 17 C 4503 |
| CITY OF CHICAGO et al., | ) | Chief Judge Rubén Castillo |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Reginald Brewer ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against Chicago Police Officers Scott Carter ("Carter"), Jason Toliver ("Toliver"), and Anthony Munizzi ("Munizzi"), and the City of Chicago (collectively "Defendants") based on the Defendant police officers' alleged unreasonable search, seizure, and arrests, and the City of Chicago's alleged failure to properly train, supervise, discipline, or otherwise control its police officers. (R. 17, Am. Compl. ¶¶ 22-33.) Defendants move to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 32, Mot. at 1.) For the reasons stated below, the Court denies Defendants' motion.

## BACKGROUND

On June 10, 2015, Plaintiff was working as a security guard at a Chicago liquor store. (R. 17, Am. Compl. ¶ 9.) Plaintiff alleges that while he was working that day, he asked a homeless man later identified as Preveyon Farmer ("Farmer") to leave the liquor store because Farmer entered the store asking for money. (*Id.* ¶ 10.) Plaintiff then allegedly saw Farmer pick up a wallet off the ground and asked Farmer whether the wallet belonged to him. (*Id.* ¶ 11.) Plaintiff claims that Farmer then began to throw bottles at Plaintiff and other persons inside the

store. (*Id.*) Plaintiff called the Chicago Police Department to report the incident, and Defendants Carter and Toliver responded to Plaintiff's call. (*Id.* ¶¶ 12-13.)

Plaintiff alleges that he tried to explain to Carter and Toliver the incident involving Farmer, but Carter and Toliver became aggressive with Plaintiff after Farmer had allegedly falsely accused Plaintiff of attacking him. (*Id.* ¶ 13.) Plaintiff claims that Carter and Toliver then detained Plaintiff, placed him in the back of their police car, and demanded that Plaintiff give them his car keys. (*Id.* ¶ 14.) Carter and Toliver then allegedly drove Plaintiff around for twenty minutes while they tried to "concoct" a justification to search his car. (*Id.*) Plaintiff asserts that Carter and Toliver eventually searched Plaintiff's car without a warrant, probable cause, or Plaintiff's permission, and that they justified the search by "fabricating" a story that Plaintiff had asked for his car to be moved to the police station. (*Id.* ¶¶ 15-16.) While searching Plaintiff's car, Carter and Toliver discovered marijuana in the car's console. (*Id.* ¶ 16.)

Plaintiff was then arrested, transported to the police station, and his car was impounded. (*Id.* ¶¶ 16-17.) Plaintiff was subsequently charged with delivery of cannabis on school grounds, battery, and aggravated assault with a deadly weapon. (*Id.* ¶ 17.) The delivery of cannabis charge was later amended to a charge for possession of cannabis. (*Id.*)

Plaintiff alleges that after a preliminary hearing and arraignment on the charges that occurred on June 11, 2015, Carter and Toliver threatened to search Plaintiff's car again and told him that they would find a way to "get him." (*Id.* ¶ 18; *see also* R. 39, Resp. at 6.) Plaintiff's cannabis charge was later dismissed and the remaining charges against him were also dismissed. (R. 17, Am. Compl. ¶ 19.) Plaintiff was ultimately fired from his job, allegedly because of the absence caused by his arrest. (*Id.* ¶ 20.) Additionally, Plaintiff claims that his car was not

2

returned to him and that he failed to receive a refund for $26,400 in car impound fees until approximately two years after Carter and Toliver arrested him. (*Id.*)

On June 30, 2015, the same day the charges against Plaintiff were dismissed, Defendant Munizzi allegedly arrested Plaintiff on a false sexual assault charge. (*Id.* ¶¶ 19, 21.) Plaintiff alleges that when he arrived at the police station after this arrest, police officers threatened to charge him with rape and intentionally hid their name tags so that Plaintiff could not ascertain their identities. (*Id.* ¶ 21.) Plaintiff was allegedly jailed for three days following this arrest and then released without any charges being filed. (*Id.*)

## PROCEDURAL HISTORY

Plaintiff filed his initial *pro se* complaint on June 14, 2017. (R. 1, Compl.) The circumstances surrounding the filing of the original complaint are unusual. The complaint is dated June 30, 2017, but was stamped by the Clerk's Office as having been received on June 14, 2017. (R. 1, Compl. at 1, 6.) Plaintiff argues in his response brief that he attempted to file the original complaint on June 7 or 8, 2017, but that the complaint was returned to him by the Clerk's office without being filed until he could actually file it on June 14, 2017.[1] (*See* R. 39, Resp. at 5.)

After obtaining court-appointed counsel, Plaintiff filed an amended complaint on October 16, 2017. (R. 17, Am. Compl.) The amended complaint asserts the following claims: unreasonable search and seizure in violation of Section 1983 against Carter and Toliver (Count I); false arrest and unlawful detention in violation of Section 1983 against Carter, Toliver, and

---

[1] Plaintiff argues that he attempted to file his original complaint on June 7 or 8, 2015, but that date appears to be the result of a typographical error because that date occurred before the incidents in question, and Plaintiff argues that the Clerk's Office accepted his original complaint on June 14, 2017, shortly after he claims the Clerk's Office returned the complaint to him after he had first tried to file it. (*See* R. 39, Resp. at 5.)

Munizzi (Count II); and a claim against the City of Chicago pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), for the City's alleged failure to adequately train, supervise, and control its police officers (Count III). (R. 17, Am. Compl. ¶¶ 22-33.) The Section 1983 claim against Munizzi for unlawful arrest and the *Monell* claim were absent from Plaintiff's original complaint and first appeared in the amended complaint.

On December 22, 2017, Defendants filed their answers to the amended complaint. (R. 34, City's Answer; R. 35, Police Officer Defs.' Answer.) On the same day, Defendants also filed a joint motion to dismiss the first amended complaint for failure to state a claim. (R. 32, Mot.) Defendants assert in their motion to dismiss that Plaintiff's Section 1983 and *Monell* claims are barred by the applicable statutes of limitations. (*Id.* at 1-4.) Alternatively, Defendants maintain that Plaintiff fails to sufficiently plead a *Monell* claim because he fails to allege enough facts related to the City of Chicago's failure to properly train, supervise, discipline, or otherwise control its police officers. (*Id.* at 6-9.)

In response, Plaintiff argues that the applicable statutes of limitations for Plaintiff's claims should be tolled so that they did not expire before he filed his claims. (R. 39, Resp. at 1-2.) Plaintiff also contends that he pleads enough facts for his *Monell* claim to survive Defendants' motion to dismiss. (*Id.* at 2.)

## LEGAL STANDARD

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (citation and internal alteration omitted). "Although detailed factual allegations are unnecessary,

4

the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "To rise above the speculative level of plausibility, the complaint must make more than threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (citation, internal alteration, and internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), however, the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

"Generally, affirmative defenses do not justify dismissal under Rule 12(b)(6)." *John K. Maciver Inst. for Pub. Policy v. Schmitz*, 885 F.3d 1004, 1014 (7th Cir. 2018) (citation and alteration omitted). Therefore, a statute of limitations defense "is not often resolved on a Rule 12(b)(6) motion because a complaint need not anticipate and overcome affirmative defenses." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) (citation and internal quotation marks omitted). Nevertheless, dismissal "is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017). At the pleading stage, the relevant question is whether "there is a conceivable set of facts, consistent with the complaint, that would defeat [the] statute-of-

5

limitations defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). If so, the question of timeliness is better left for "summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Id.*

## ANALYSIS

Defendants argue that all of Plaintiff's claims are barred by the applicable statutes of limitations. (R. 32, Mot. at 3-5.) With the above legal standards in mind, the Court addresses whether the applicable statutes of limitations bar Plaintiff's claims at the pleading stage.

### I. Unreasonable Search and Seizure Claim (Count I)

First, the Court turns to Plaintiff's Section 1983 claim based on Toliver's and Carter's alleged unreasonable search and seizure of Plaintiff's car. Defendants argue that this claim is untimely because Plaintiff knew that the alleged search and seizure occurred on June 10, 2015, but he did not file suit within two years as required by the applicable statute of limitations. (R. 32, Mot. at 4.)

"Claims brought under § 1983 are governed by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred." *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."). Plaintiff's injuries occurred in Illinois, (R. 17, Am. Compl. ¶ 9), where the statute of limitations for a personal-injury lawsuit is two years from the day that the cause of action accrues. *Neita*, 830 F.3d at 498; *see also* 735 ILL. COMP. STAT. 5/13-202. A Section 1983 claim based on a search or seizure that

6

violated a plaintiff's Fourth Amendment rights accrues at the time of the search and seizure. *Neita*, 830 F.3d at 498.

Plaintiff alleges that Carter's and Toliver's unlawful search and seizure occurred on June 10, 2015, and therefore Plaintiff's Section 1983 claim accrued on that day. *See Neita*, 830 F.3d at 498. Plaintiff had until two years later—June 10, 2017—to file his complaint, but he failed to do so. *See id.*; 735 ILL. COMP. STAT. 5/13-202. Based on the date of the filing of Plaintiff's complaint, however, he missed the statute of limitations deadline by just four days. (R. 1, Compl. at 1.) Although Plaintiff does not allege facts in the amended complaint explaining why he filed his initial complaint after the two-year statute of limitations had run, he argues that he attempted to timely file his original complaint approximately two or three days before June 10, 2017, by delivering it to the Clerk's Office. (R. 39, Resp. at 5.) Plaintiff argues that the complaint was then returned to him without having been filed and without an explanation from the Clerk's Office as to why his complaint was not filed. (*Id.*) Thus, in Plaintiff's view, he should be entitled to at least conduct discovery and present facts as to why the doctrine of equitable tolling applies in this case. (*Id.*)

The Court is hesitant to say that there exists *no conceivable set of facts* by which Plaintiff can prevail—if Plaintiff can prove that he did submit the complaint to the Clerk's office and that it was received before June 10, 2017, he may be able to overcome Defendants' statute of limitations defense. *See Kisel v. J.D.A. of Orland Park, Inc.*, No. 16 C 8664, 2017 WL 319151, at *1 (N.D. Ill. Jan. 21, 2017) ("[A] complaint is considered to have been filed for statute of limitations purposes when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like." (citation and internal quotation marks omitted)). The Court, therefore, denies Defendants' motion to dismiss.

7

## II. False Arrest Claims (Count II)

Next, the Court turns to Plaintiff's Section 1983 claims based on false arrest. Defendants argue that these claims are also time-barred by the applicable statute of limitations. (R. 32, Mot. at 3.) Plaintiff's false arrest claims cover two separate incidents: Toliver's and Carter's alleged arrest of Plaintiff on June 10, 2015, and Munizzi's alleged arrest of Plaintiff on June 30, 2015. (R. 17, Am. Compl. ¶¶ 16-17, 21, 26-28.) The Court addresses each false arrest claim separately below.

As noted above, the statute of limitations for a Section 1983 claim is two years. *Neita*, 830 F.3d at 498; *see also Adams v. Rotkvich*, 325 F. App'x 450, 453 (7th Cir. 2009) ("Under Illinois law, a § 1983 false arrest claim is subject to a two-year statute of limitations."). The statute of limitations for a Section 1983 claim based on an unlawful arrest "begins to run at the time the claimant becomes detained pursuant to the legal process." *Wallace*, 549. U.S. at 397. This occurs at the time a plaintiff "is bound over by a magistrate or arraigned on charges." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). Thus, Plaintiff's claim based on the arrest by Toliver and Carter accrued on June 11, 2015, the date that Plaintiff was arraigned. (R. 17, Am. Compl. ¶¶ 17-18; R. 39, Resp. at 6.)

Plaintiff was aware that Toliver and Carter were the officers that arrested him on June 10, 2015, and that he was arraigned the next day. (R. 17, Am. Compl. ¶¶ 14-18; R. 39, Resp. at 6.) As noted above, however, Plaintiff raises a potential factual dispute as to when he filed his original complaint, and the Court cannot dismiss his claim prematurely by finding that no conceivable basis exists for Plaintiff to prove that he timely filed his complaint. *See Sidney Hillman Health Ctr. of Rochester*, 782 F.3d at 928. As a result, the Court denies Defendants' motion to dismiss Plaintiff's false arrest claim against Toliver and Carter.

Turning to the Section 1983 false arrest claim against Munizzi, that claim accrued no later than July 3, 2015—three days after the date that Munizzi allegedly arrested Plaintiff and the date Plaintiff was released from jail without charges being filed after that arrest, (R. 17, Am. Compl. ¶¶ 19-21). *See Bianchi v. McQueen*, 818 F.3d 309, 322 (7th Cir. 2016) (noting that a false arrest claim ends once a person is arraigned or bound over to a magistrate). Thus, for his Section 1983 claim against Munizzi to be timely filed, Plaintiff was required to file the claim within two years of the date he was arraigned following his second arrest, which occurred sometime between the date of his arrest—June 30, 2015—and July 3, 2015.[2] *See Neita*, 830 F.3d at 498; *Julian v. Hanna*, 732 F.3d 842, 846-47 (7th Cir. 2013) ("[S]uits for false arrest and false imprisonment provide remedies only for detention that occurs before formal charges kick off an actual prosecution[.]"). It is apparent that Plaintiff failed to do so, and Plaintiff does not argue to the contrary, given that he first filed his false arrest claim against Munizzi with his amended complaint on October 16, 2017. (R. 17, Am. Compl. ¶¶ 26-28; R. 39, Resp. at 6-7.) Plaintiff does not contest that the statute of limitations for his false arrest claim against Munizzi—assuming it is not tolled—expired before the date he filed that claim on October 16, 2017. (R. 39, Resp. at 6-7.) Plaintiff argues, however, that the doctrine of equitable estoppel tolled the statute of limitations so that his claim against Munizzi is timely. (*Id.*)

Unlike equitable tolling where the Court must apply Illinois law, federal law on equitable estoppel controls. *Shropshear*, 275 F.3d at 598. "[E]quitable estoppel prevents a party from asserting the expiration of the statute of limitations as a defense when the party's improper

---

[2] It is not clear from the amended complaint when Plaintiff was arraigned after he was arrested by Munizzi. The Court notes that generally, "persons arrested without a warrant must receive a judicial determination of probable cause within 48 hours." *Loving v. City of Chicago*, No. 14 C 5270, 2015 WL 1059170, at *1 (N.D. Ill. Mar. 5, 2015) (citation omitted).

9

conduct has induced the other into failing to file within the statutory period." *Liberty v. City of Chicago*, 860 F.3d 1017, 1020 (7th Cir. 2017) (citation and alteration omitted). The doctrine presupposes "efforts by the defendant, above and beyond wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016); *see also Mitchell v. Donchin*, 286 F.3d 447, 450 (7th Cir. 2002) (finding that equitable estoppel did not apply because of the plaintiff's failure to allege that the defendant "took *any* step to prevent the plaintiff from suing in time" (emphasis in original)).

Plaintiff argues that there are questions of fact regarding the concealment of Munizzi's identity, but Plaintiff does not allege that Munizzi himself took steps to conceal his identity. (R. 17, Am. Compl. ¶¶ 19-21.) Instead, Plaintiff alleges that Munizzi falsely arrested him and that police officers other than Munizzi intentionally hid their name tags and threatened to charge Plaintiff with rape. (*Id.* ¶ 21.) There are no conceivable set of facts, consistent with the amended complaint or any of Plaintiff's arguments, that could lead to an inference that Munizzi induced Plaintiff to file his claims after the statute of limitations had expired or that Munizzi prevented Plaintiff from timely filing his Section 1983 false arrest claim. *See Liberty*, 860 F.3d at 1020; *Mitchell*, 286 F.3d at 450. The Court, therefore, rejects Plaintiff's argument that equitable estoppel precludes the Court from dismissing his false arrest claim.

Plaintiff argues, in the alternative, that the false arrest claim against Munizzi relates back to the original complaint such that the claim against Munizzi would have been filed before the two-year statute of limitations had expired. (R. 39, Resp. at 7-8.) Because Munizzi was added as a defendant in the amended complaint, the claim against Munizzi relates back if: it arises out of any "conduct, transaction, or occurrence set out—or attempted to be set out—in the original

pleading;" Munizzi "received such notice of the action that [he] will not be prejudiced in defending on the merits;" and Munizzi "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(B)-(C). The Court finds that resolution of the statute of limitations issue and whether the false arrest claim against Munizzi relates back is premature at this stage of the litigation, because the amended complaint does not address whether Munizzi knew or should have known that the present lawsuit would have been brought against him. *See Clair v. Cook Cty.*, No. 16 CV 1334, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) ("Because the complaint does not speak to what the newly added defendants knew or should have known about this lawsuit, the court cannot resolve the Rule 15(c)(1)(C)(ii) issue in their favor on a motion to dismiss."); *White v. City of Chicago*, No. 11 C 7802, 2014 WL 958714, at *2 (N.D. Ill. Mar. 12, 2014) ("Because the . . . Amended Complaint could potentially relate back to the filing date of the original Complaint, Plaintiff has not pleaded himself out of court."); *Goldsmith v. Correct Care Sols.*, No. 12 C 3738, 2014 WL 3377058, at *3 (N.D. Ill. July 10, 2014) (ruling that "[e]ven were the Court to conclude that [the plaintiff's] amended complaint did not relate back, it still would be improper to dismiss [the plaintiff's] claims against the new defendants for untimeliness" because "[t]he statute of limitations defense is more appropriate in a motion for summary judgment"). If the amended complaint does relate back and Plaintiff proves that his original complaint was timely, Defendants' statute of limitations defense would fail. *See Kisel*, 2017 WL 319151, at *1. Accordingly, the Court denies Defendants' motion to dismiss the false arrest claim against Munizzi because there is a conceivable set of facts under which Plaintiff can overcome Defendants' statute of limitations defense. *See Sidney Hillman Health Ctr. of Rochester*, 782 F.3d at 928.

### III. *Monell* Claim (Count III)

The remaining claim for which Defendants seek dismissal is Plaintiff's *Monell* claim against the City of Chicago, which alleges that the City of Chicago failed to adequately train, supervise, and control its police officers. (R. 17, Am. Compl. ¶¶ 29-33.) As with Plaintiff's other claims, Defendants argue that this claim is time-barred by the applicable statute of limitations. (R. 32, Mot. at 5.) In response, Plaintiff argues that the *Monell* claim relates back to his original complaint and therefore is timely. (R. 39, Resp. at 8-10.) The Court again finds that it is premature to decide whether Plaintiff's *Monell* claim cannot relate back to the original complaint such that dismissal is appropriate. *See White*, 2014 WL 958714, at *2; *Goldsmith*, 2014 WL 3377058, at *3.

Defendants argue that Plaintiff's *Monell* claim can only relate back to his original complaint if his original complaint was timely filed. (R. 42, Reply at 4-5.) Therefore, according to Defendants, the Court should dismiss the *Monell* claim because Plaintiff's original complaint was barred by the statute of limitations. (*Id.*) The Court, however, declines to dismiss Plaintiff's *Monell* claim on these grounds given that Defendants have failed to carry their burden of showing that Plaintiff cannot overcome the statute of limitations defense as to his original complaint under any conceivable set of facts. *See Sidney Hillman Health Ctr. of Rochester*, 782 F.3d at 928. As outlined above, the Court finds that Plaintiff may be able to prove that the Clerk's Office received his original complaint before the applicable statutes of limitations lapsed. Accordingly, the Court concludes that dismissal of Plaintiff's *Monell* claim based on the expiration of the statute of limitations is not warranted.

Defendants argue, in the alternative, that Plaintiff fails to plead enough facts to give rise to a viable *Monell* claim. (R. 32, Mot. at 6-9.) To plead a *Monell* claim, Plaintiff must allege that a municipality violated his constitutional rights: "(1) through an express policy that, when

enforced, causes a constitutional deprivation; (2) through a wide-spread practice that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with final decision policymaking authority." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013) (citation and internal quotation marks omitted). "[T]he plaintiff must allege that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Henderson v. City of Chicago*, No. 14 C 1164, 2015 WL 1954464, at *2 (N.D. Ill. Apr. 29, 2015) (citation and internal quotation marks omitted).

Plaintiff pleads in detail incidents in which Defendants Toliver and Carter allegedly unlawfully searched and seized Plaintiff's car and then arrested him. (R. 17, Am. Compl. ¶¶ 12-18.) Plaintiff also alleges in detail an incident in which Munizzi allegedly unlawfully arrested Plaintiff and then other police officers threatened to falsely charge Plaintiff with crimes while concealing their identity. (*Id.* ¶ 21.) Finally, Plaintiff claims that these incidents were caused by a policy, custom, or practice of the Chicago Police. (*Id.* ¶ 30.) These allegations are enough for Plaintiff's *Monell* claim to survive a motion to dismiss. *See White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (ruling that plaintiff sufficiently alleged a *Monell* claim by pleading one constitutional violation affecting the plaintiff that allegedly occurred pursuant to a policy or practice of the Chicago Police Department, and further ruling that the plaintiff "was not required to identify every other or even one other individual who had been arrested pursuant to a warrant obtained through the complained-of process"), *cert. denied sub nom.*, *White v. City of Chicago*, 137 S. Ct. 526 (2016); *Brainer v. Dart*, No. 16 CV 6013, 2018 WL 1519154, at *7 (N.D. Ill. Mar. 28, 2018) ("Post-*White* courts analyzing *Monell* claims have scotched motions to dismiss

13

premised on arguments that the complaint does not contain allegations beyond those relating to the plaintiff." (citation and internal quotation marks omitted)); *Zinn v. Vill. of Sauk Vill.*, No. 16-CV-3542, 2017 WL 783001, at *7 (N.D. Ill. Mar. 1, 2017) (finding that the plaintiff sufficiently alleged a *Monell* claim by pleading an incident in which his Fourth Amendment rights were violated and further alleging that this incident occurred because of a widespread practice carried out by the defendant municipality). Consequently, the Court denies Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (R. 32) is DENIED. The parties shall appear for a status hearing on July 30, 2018, at 9:45 a.m. The parties are DIRECTED to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities prior to the status hearing.

ENTERED: _____
**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: July 18, 2018**